IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EVANGELO CARDARAS, *et al.*,

        **Plaintiffs,**

    v.

FIDUCIAL BUSINESS CENTERS,
INC.,

        **Defendant.**

    :
    :
    :
    :    **Case No. 2:25-cv-00226**
    :    **Judge Michael H. Watson**
    :    **Magistrate Judge S. Courter M. Shimeall**
    :
    :
    :

## OPINION AND ORDER

This matter is before the Court on Defendant Fiducial Business Centers Inc. d/b/a Federated Fiducial's Motion for Leave to File Deposition Exhibits Under Seal.  (ECF No. 16.)  For the reasons that follow, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

## I.

There is a strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).  And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp.*, 825 F.3d at 308.  The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).  These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citations and quotations omitted).

Generally, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up).  "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . .  And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).  Moreover, simply filing redacted, public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis.  Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus*

*Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at \*1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Upon review, Defendant's Motion fails to meet the heavy burden required for sealing. Here, the only reasons Defendant provides to justify filing the documents under seal are the "number of exhibits" and "the blanket confidentiality of the exhibits."  (ECF No. 16, at PAGEID #: 702.)  This Court has repeatedly found such cursory justifications to be insufficient.  *See, e.g.*, *Atlas Indus. Contractors, L.L.C. v. In2Gro Techs., LLC*, No. 2:19-cv-2705, 2020 WL 8675816, at \*1 (S.D. Ohio July 29, 2020) ("The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal." (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way") (further citations omitted))); *see also Blank v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-18, 2020 WL 8816187, at \*1 (S.D. Ohio June 24, 2020) ("[E]ven where documents are designated 'Confidential,' the moving party must provide compelling reasons justifying the sealing of those documents."); *First Star Logistics, LLC v. Bernard*, No. 1:16-CV-1070, 2018 WL 11366934, at \*2 (S.D. Ohio Apr. 20, 2018) ("Plaintiff largely argues that sealing is required because the Parties designated the documents "confidential" in discovery. This simply is not enough.").

Likewise, Defendant has failed to provide compelling reasons why wholesale sealing, rather than narrowly tailored redactions, is necessary.  *See Prof'l Investigating and Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 16706688, at \*2 (S.D. Ohio Nov. 4, 2022) (finding that sealing an entire exhibit was unnecessary when confidential business information could be redacted); *see also Total Quality Logistics, LLC v. Riffe,* No. 1:19-cv-23,

3

2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding a sealing request to be narrowly tailored when the parties did "not seek to seal the contents of the documents at issue completely. . . . Thus, the seal [was] no broader than necessary to address the compelling reason for non-disclosure.")

Accordingly, Defendant has failed to demonstrate compelling reasons to support sealing the Exhibits.

### III.

In sum, Defendant's Motion for Leave to File Deposition Exhibits Under Seal is **DENIED WITHOUT PREJUDICE**.  (ECF No. 16.)  Defendant is **DIRECTED WITHIN FOURTEEN DAYS** to file either: a renewed and properly supported motion to seal that meets the *Shane Group* standard or wholly unredacted versions of the Exhibits on the public record.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4