## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**EVANGELO CARDARAS**, *et al.*,

        **Plaintiffs,**

    **v.**

 

**FIDUCIAL BUSINESS CENTERS, INC.,**

        **Defendant.**

:
:
:
:
:
:
:
:
:
:
:

**Case No. 2:25-cv-00226**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

### OPINION AND ORDER

This matter is before the Court on Defendant Fiducial Business Centers Inc. d/b/a Federated Fiducial's Renewed Motion for Leave to File Deposition Exhibits Under Seal. (ECF No. 22.)  For the reasons that follow, Defendant's Motion is **GRANTED**.

### I.

There is a strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp., Inc.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594 (citations and quotations omitted).

Generally "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted, public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus*

2

*Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

## II.

In its renewed motion, Defendant represents that it is now only seeking to file under seal (1) the corporate tax return of Cardaras Funeral Homes, Inc. for tax year 2023; and (2) Plaintiffs Evangelo and Pamela Cardaras' personal tax return for tax year 2023.  (ECF No. 22, at PAGEID # 1068.)  Upon review, the Court finds that Defendant's renewed motion is narrowly tailored and otherwise meets the heavy burden required for sealing.  *See e.g. Pipe Fitters Loc. 120 v. Qwest Mech. Contractors*, No. 21-CV-00253, 2021 WL 6620375, at *1 (N.D. Ohio Nov. 30, 2021) (granting motion to seal tax returns because "[u]nder 26 U.S.C. § 6103, tax returns are confidential"); *see also Furth v. Zanic*, No. 1:06CV411, 2008 WL 11380207, at *3 (N.D. Ohio Oct. 15, 2008) (ordering tax returns produced in discovery "be kept under seal and may not be made public except by court order")

Accordingly, Defendant's Renewed Motion for Leave to File Deposition Exhibits Under Seal is **GRANTED**.  (ECF No. 22.)  Defendant is **DIRECTED** to file these two Exhibits under seal within **FOURTEEN DAYS** of the date of this Order.

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**